## Main Line Gardens' Appeal

*Thomas A. Riley, Jr.,* for appellant.

*Ronald M. Agulnick,* for township.

KURTZ, P. J., January 8, 1973.—In this zoning case it would appear that the zoning officer of West Bradford Township in this county issued what is called a cease and desist order to the present appellants on April 17, 1972, which reads, in part, as follows: "We are advised that you are selling, in addition to nursery and greenhouse stock, items of decoration such as bird baths, statuary, lawn and garden statuary, lawn and garden ornaments and the like and other general merchandise related to gardening.

"You are directed to cease and desist from the sale of these products, goods and merchandise not specifically authorized under the terms of your Use and Occupancy Permit and/or the West Bradford Township Zoning Ordinance Sections 400 and 701."

The property owner appealed that order to the township zoning hearing board. After a hearing before that body, two members thereof, one of whom did not participate in the hearing, entered an order on October 5, 1972, dismissing that appeal. The property owner has now appealed to this court. Since no additional testimony has been taken before us, the question for determination is whether the zoning board abused its discretion or committed an error of law in acting as it did:

Jackson v. Pottstown Zoning Board of Adjustment, 426 Pa. 534, 537 (1967).

The only issue now raised by appellant challenges the validity of the cease and desist order. It contends that it is entitled to carry on these activities from which the township directs it to desist as a part of the nonconforming use to which the property in question was put prior to the adoption of the zoning ordinance.*

There can be no doubt under the testimony offered before the board but that appellants' predecessor in title conducted a nursery business upon the property. The widow of the former nurseryman testified without contradiction: "We raised most of our things (plants and nursery stock). We did buy some vegetable plants and we also sold lawn implements and bird houses and bird feeders and fertilizer and peat moss." The township would now have us decree that because this witness did not mention birdbaths, statuary, and lawn and garden ornaments, appellant cannot sell those items under the protection of the doctrine of nonconforming uses.

We do not believe that that doctrine may be so strictly applied. In Jackson, supra, the Supreme Court' upheld the zoning board's decision permitting the expansion of a retail grocery business to include a retail beer distributorship, pointing out on page 539 of its opinion that the ordinance there being considered

---

* It was agreed at the hearing that the property in question is located in an R-A Residential-Agricultural zone. The uses permitted within such a zone have not been made known to us since we have not been supplied with a copy of the zoning ordinance. However, the hearing before the zoning board was conducted upon the premise that if appellant had undertaken to establish his business after the effective date of the zoning ordinance, he would be acting in contravention of its terms.

made no commercial distinction between a grocery store and a beer distributorship.

In our case, we have not been provided with a copy of the West Bradford ordinance. Such copies are usually included with the return made by the zoning hearing board to the writ of certiorari which we issue. In any event, we cannot now discern any distinction in fact or in law between that commercial activity which was being conducted upon this property by its prior owner and that which is there being conducted by the present appellant. For that reason, the decision of the zoning hearing board must be and is hereby reversed.